UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:12-CR-132

v.                                       Hon. Jane M. Beckering

MATTHEW PENALOZA,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Defendant's Motion for the Scheduling of a Status Conference (ECF No. 2450) was referred to the undersigned for preparation of a Report and Recommendation.

**Discussion**

On October 23, 2013, defendant was convicted by guilty plea of Conspiracy to Engage in Racketeering Activity and in Conspiracy to Possess With Intent to Distribute and to Distribute 100 Kilograms or More of Marijuana.

On March 12, 2014, defendant was sentenced to 110 months imprisonment followed by 3 years supervised release. On October 24, 2016, defendants's sentence was reduced to 108 months imprisonment pursuant to *Johnson v. U.S.,* 135 S.Ct. 2551 (2015).

Defendant's term of supervised release began on January 14, 2022. On August 23, 2023, a Petition for Warrant or Summons for Offender Under Supervision was filed alleging the defendant had violated his supervised release (ECF No. 2222). The range of imprisonment upon conviction for the violations was 8-14 months under U.S.S.G. §7B1.4(a).

On October 26, 2023, defendant appeared for a preliminary hearing and bond hearing on the violation petition. The Court found probable cause to believe that defendant had committed the violations alleged in the petition and remanded the defendant to the custody of the United States Marshal.

On December 6, 2023, defendant's counsel moved to withdraw citing a breakdown in the attorney-client relationship (ECF No. 2262). On December 20, 2023, the Court held a hearing on counsel's motion. At the conclusion of the hearing, the Court held the motion in abeyance. On the same date, the Court held a status conference with counsel. During the conference, counsel for the Government made an oral motion for competency evaluation. The Court granted the motion and ordered defendant committed to the custody of the Attorney General to undergo evaluation (ECF No. 2279).

On April 2, 2024, the Court found defendant incompetent based upon the report of a forensic psychologist with the Federal Bureau of Prisons that defendant suffered from a mental disease that impaired his ability to understand the nature and consequences of the proceedings against him and assist in his defense. Based upon the BOP psychologist's recommendation, the Court ordered defendant returned to the custody of the Attorney General for further evaluation and competency restoration treatment.

On March 27, 2025, the Court received two forensic psychological reports from the Bureau of Prisons (ECF No. 2449). One was a Competency Restoration Report pursuant to 18 U.S.C. 45241(d), which concluded that defendant remains incompetent and that the only viable avenue for restoration is involuntary anti-psychotic medication. The other was a Risk Assessment Report pursuant to 18 U.S.C. 4246(b), which concluded that defendant's mental health symptoms

do not increase his risk for violence or property damage upon release and thus he does not meet the criteria for civil commitment pursuant to Title 18 U.S.C.4246.

On April 16, 2025, the Court held a status conference with counsel to discuss the reports and the path forward. Both parties accepted the reports' conclusions. Both sides acknowledged that defendant has been in custody awaiting further proceedings on the alleged violations for over 18 months, or 4 months more than the top of the guideline range upon conviction. Both sides also acknowledged that defendant was sentenced to three years of supervised release and has been on supervised release for more than that already. While some of that time is excludable, the fact remains that defendant has already been on supervision for longer than the term contemplated by the sentencing judge.

Counsel for the Government stated that it was disinclined to seek an order for involuntary medication of defendant. After further discussion, the parties agreed that, in light of the facts, the interests of justice would be served by dismissal of the violation petition and discharge of defendant from supervised release. Defendant's supervising probation officer concurs in this result.

**Recommendation**

The Court agrees with the parties and respectfully recommends that the violation petition be dismissed and defendant be discharged from supervised release.

Dated:  April 23, 2025         /s/ Ray Kent
                               RAY KENT
                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court"s order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).